<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. VIRGINIA MONSUL,<br><br>         Plaintiff,<br><br>   v.<br><br>NORTHWESTERN MUTUAL LIFE,<br><br>         Defendant. | Civ. No. 05-3504 (GEB)<br><br>**OPINION** |

**<u>BROWN, District Judge</u>**

This matter comes before the Court upon plaintiff Dr. Virginia Monsul's ("Plaintiff") motion to enforce the temporary restraints imposed upon defendant Northwestern Mutual Life ("Defendant") by the New Jersey Superior Court by order on June 30, 2005 ("State Court Order"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Plaintiff's motion to enforce the State Court Order, and dismiss Defendant's cross-motion to vacate the State Court Order as moot.

**I.      BACKGROUND**

This breach of contract action arises from one or more disability insurance policies that Plaintiff purchased from Defendant in or about September 1990 ("Policy"). Compl. ¶1. At the time she purchased the Policy, Plaintiff was engaged in the practice of general dentistry. Compl. ¶9. Beginning in the fall of 1997, Plaintiff allegedly became disabled as a result of several medical conditions, including carpal tunnel syndrome and complications from pregnancy. Compl. ¶¶11-13. As a result of her disability, at various intervals after that time, Plaintiff discontinued and resumed her practice of general dentistry. Compl. ¶¶14-16. Between October

1998 and August 2001, Defendant made payments for Plaintiff's partial disability pursuant to the Policy.  Compl. ¶18.  On or about August 17, 2001, Defendant began making payments for Plaintiff's total disability.  *Id.*  On or about February 28, 2005, Defendant advised Plaintiff that pursuant to the Policy, Plaintiff was only entitled to payments for partial disability, and that the benefits for total disability that she had been receiving were in error.  Compl. ¶20.  As a result of the change of her status from total to partial disability, Plaintiff allegedly suffered a substantial reduction in her disability insurance payments.  Compl. ¶21.

In April 2005, Plaintiff filed a complaint against Defendant ("Complaint") in the Superior Court of New Jersey for breach of contract and related claims.  On June 30, 2005, the Superior Court of New Jersey issued an ex parte order which stated "that the defendant, Northwestern Mutual Life, be and is hereby temporarily enjoined from reducing the permanent disability payments and changing the disability status of the plaintiff, Virginia Monsul, pending hearing and further Order of this Court" ("State Court Order").

On July 12, 2005, Defendant removed the state action to this Court.  On November 3, 2005, Plaintiff filed the instant motion to enforce the State Court Order.

**II.  DISCUSSION**

"Whenever any action is removed from a State court to a district court of the United States, . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. §1450.  However, the enforcement of state court orders in cases that have been removed is limited by the Federal Rules of Civil Procedure.  "[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974).  "The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in

federal court after removal." *Id.* at 438. Before determining whether the State Court Order should be enforced, the Court must therefore consider whether such enforcement is limited by the Federal Rules.

The duration of enforcement for temporary restraining orders is governed by Federal Rules of Civil Procedure Rule 65(b), which provides that:

> Every temporary restraining order granted without notice . . . shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

The Supreme Court has stated that:

> [t]he underlying purpose of § 1450 – ensuring that no lapse in a state court temporary restraining order will occur simply by removing the case to federal court – and the policies reflected in Rule 65(b) can easily be accommodated by applying the following rule:
>
> An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, <u>but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal</u>.

*Granny Goose Foods*, 415 U.S. at 439-40 (emphasis added). Here, the case was removed to this Court on July 12, 2005. The State Court Order therefore expired on July 22, 2005, or ten (10) days after the date of removal.

### III.   CONCLUSION

For these reasons, Plaintiff's motion to enforce the State Court Order is denied, and Defendant's cross-motion to vacate the State Court Order is dismissed as moot. An appropriate form of order is filed herewith.

Dated: December 16, 2005

                                             s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.